**OHIO LOAN CO v KLETECKA et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13777. Decided April 29, 1934

Sidney N. Weitz, Cleveland, and Leon S. Kahn, Cleveland, for plaintiff in error.

Doering & Doering, Cleveland, for defendants in error.

## OPINION

By LIEGHLEY, PJ.

Plaintiff, The Ohio Loan Company, filed its petition in the Municipal Court of the City of Cleveland in two causes of action to recover upon a' note and chattel mortgage executed by the defendants as husband and wife. Trial was had which resulted in a judgment for plaintiff and foreclosure of the chattel mortgage and order of sale was issued. Thereupon application was made by defendants for exemptions, which application was granted.

The plaintiff is engaged in the business of loaning money on chattels and is duly licensed so to do under the three percent per month act. §6346-1 et seq., GC. This act has its friends and many foes, but the conduct of business in accordance with the provisions thereof is legal. Its constitutionality has been established. **State ex v Powers, 125 Oh St 108.**

The defendants borrowed the sum of $150.00 on or about November 17, 1931, and executed their note and chattel mortgage covering specific household goods. It is said that this mortgage is mere security for the payment of the loan. At all events it may be said that they pledged their household goods to procure the loan. Otherwise stated, they borrowed the money on their chattels.

Plaintiff claims that by the execution of the mortgage and note the defendants waived their right to claim exemptions. The defendants claim that the mortgage is merely security and that it is against public policy to hold that there was a waiver, notwithstanding the specific articles of household goods selected by the defendants and allowed as exempt are included in the list of specific articles covered by the mortgage. Defendants in fact and in effect claim that they are without authority to waive their exemption of specific chattel property enumerated in §11725 GC, by reason of the declared public policy of the State in respect thereto.

A comparison of the sections contained in the chapter covering exemptions is made, and basis for this claim is predicated thereon. It is our opinion that §11729 GC, deals with subsequent sections and does not control sections preceding. The subsequent sections have to do with homestead exemptions and money in lieu thereof, which are allowed in addition to the specific chattels allowed in §11725 GC, if and when the circumstances warrant and the property is available.

The question is whether or not the defendants, by the execution of this chattel mortgage in order to obtain this money thereby waived their right to claim the property mortgaged exempt from foreclosure and execution. Regarding the provisions of §11725 GC, alone, does the execution of a mortgage of specific chattels or household goods, enumerated in this section, by husband and wife, constitute a waiver of the right to claim them exempt?

It is evident that the defendants by this mortgage directly pledged these chattels to the payment of this money. This was a part of the direct express contract between the plaintiff and the defendants.

Many cases cited may be distinguished from this case in which there was a direct pledge,—an execution of a mortgage by husband and wife upon specific property pledged to obtain and repay the loan made. For example, the case of **Dean v McMullen, 109 Oh St 309.** The husband pledged his goods and chattels as security for the performance of a lease of which he was lessee. His wife was not a party to the lease and did not sign it. The wife claimed the exemptions. Her right was superior to that of the lessor.

It has always been our understanding that the law has been and was at the time of the execution of this note and mortgage

that the head of the household and his wife may sell or pledge their own property at will by mortgage. On the day this note and mortgage were executed, the defendants were the owners of the property covered by the mortgage. They voluntarily executed this mortgage and thereby pledged the specific articles to the payment of the money borrowed by them thereon. It was their property and they had a right to pledge it. The plaintiff was legally engaged in the business of loaning money and had a right to loan upon these chattels. When they pledged these specific chattels by mortgage to repay the loan, they thereby waived any right to claim exemption thereof under §11725 GC.

While we are aware of the public policy opposed to waiver of the specific exemptions under §11725 GC, and the laudable purposes upon which this policy is grounded nevertheless we do not understand that the right to voluntarily sell or pledge these specific articles has been denied thereby.

Without undertaking to discuss the many authorities cited in the briefs we call attention to part of the text contained under §5, **Exemptions, Vol. 18, Ohio Juris.**

"The substance of the benefit intended to be given by the exemption law to the debtor is the right to hold property of a certain value exempt from claims of creditors."
**Butt v Green, 29 Oh St 667.**

"But it is not the policy of any of the exemption statutes of the State to enable a debtor to hold personal property free from liens created by his own voluntary act."
**Johnson v Ward, 27 Oh St 517.**

"The law does not disable the debtor from transferring the property which he is authorized to hold exempt from execution or divest him of the right of disposing of it by pledge as security for the payment of his debts."
**Haynes v Tiffany, 25 Oh St 549.**
**Frost v Shaw, 3 Oh St 270.**

**Volume 18, Exemptions, page 871, §39, Ohio Juris.** reads as follows:
"As shown in a preceding section, the owner of chattels exempted from execution for the payment of his debts is not divested of the right of transferring such property, either by sale or by pledge as security for the payment of his debts. But in the case of a pledge or mortgage, the owner clearly waives the benefit of the exemption, so far as the encumbrance extends or is operative. When the debtor mortgages his property to another, who, upon condition broken asserts his right to the possession by process of execution, the debtor is precluded from claiming the property as exempt from execution."

In addition to the cases above cited, **Colwell v Carper, 15 Oh St 279** is cited.

If the claim of the defendants is well founded that they cannot irrevocably waive their right to claim specific chattel property and that any contract so to do is invalid or unenforceable, it would seem to have been unnecessary for the Legislature in 1933 to have amended §11729 GC, by adding language to the effect that "no promise, agreement or contract" for waiving exemption made from and after that date shall be valid. What the effect of this amendment may be is not now before us as this mortgage antedates the enactment.

We think that the order made in the court below, allowing the exemptions of the specific articles covered by the mortgage, was erroneous and for that reason the judgment is reversed and cause remanded, with exceptions.

LEVINE and McGILL, JJ, concur in judgment.